453 A.2d 1055

**Martin QUINTILLIANO**

v.

**Robert L. O'NEILL and Ann Marie O'Neill, h/w, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1981.

Filed Dec. 23, 1982.

Petition for Allowance of Appeal Denied March 16, 1983.

---

David B. Glancey, Philadelphia, for appellants.

Ralph M. Russo, Upper Darby, for appellee.

Before CAVANAUGH, McEWEN and BECK, JJ.

PER CURIAM:

We here review an order which denied a petition by appellant to open a default judgment entered pursuant to Pennsylvania Rule of Civil Procedure No. 4019. We reverse.

The record reflects that the Common Pleas Court, on September 15, 1980, entered a rule upon appellants, the defendants in this proceeding, to show cause why the Motion for Sanctions filed by appellee, the plaintiff, should not be granted; the rule was returnable October 24, 1980, and counsel for plaintiff filed a certificate that he had on September 24, 1980, provided notice thereof to counsel for the defendants. Counsel for plaintiff presented and the court executed on October 30, 1980, an order directing defendants to file answers to the interrogatories of plaintiff within ten days or suffer a default judgment. That ten day period expired on Saturday, November 8, 1980, and counsel for the plaintiff proceeded on Monday, November 10, 1980, to file with the prothonotary a praecipe for default judgment[1] upon which appears a handwritten notation to the prothonotary to assess damages in the amount of $5,575.00 plus interest. The record does not, however, contain the following documents:

An affidavit of service of the order of October 30, 1980 of Judge Mason Avrigian directing the defendants to file answers to the interrogatories within ten days or suffer a default judgment. (While counsel for the plaintiff filed an "Affidavit" of service with the prothonotary on November 5, 1980, it is a certification and does not relate to

[1]. While the praecipe indicates the default judgment should be entered pursuant to an order of Judge Cirillo, the order of October 30, 1980, upon which the praecipe was based, was actually an order of Judge Avrigian.

the order of court of October 30, 1980, threatening default judgment; rather, counsel merely refiled the certificate relating to the rule to show cause that was forwarded to the defendant on September 24, 1980.)

The actual entry of a default judgment for the plaintiff. (While the praecipe directs the prothonotary to enter a default judgment and while the docket reflects that the prothonotary did so on November 10, 1980, the record does not reflect any such formal entry of judgment by the prothonotary.)

Counsel for the defendant filed with the court a petition to open default judgment on November 25, 1980 which was subsequently denied. We are compelled to reverse.

■ Firstly, the entry of a default judgment by the prothonotary under Pa.R.C.P. No. 4019 is not permissible so that the judgment would appear to be void *ab initio*. *Newsome v. Braswell*, 267 Pa.Super. 83, 406 A.2d 347 (1979).

■ Secondly, the chancellor, under these facts, should have opened the judgment. It is clearly established that equitable principles control the disposition of an application to open a default judgment and that relief may be granted when the Chancellor determines: (1) the petition to open has been filed in prompt fashion; (2) the petitioner has a meritorious defense; and (3) the petitioner provides a reasonable explanation for the default. *Commonwealth, Dept. of Transp. v. Nemeth*, 497 Pa. 580, 442 A.2d 689 (1982); *Balk v. Ford Motor Company*, 446 Pa. 137, 285 A.2d 128 (1971); *Quaker Transit Company, Inc. v. Jack W. Blumenfeld & Co.*, 277 Pa.Super. 393, 419 A.2d 1202 (1980). The initial two requirements are not at issue so that, therefore, the decision of the learned Judge Samuel A. Salus, II was based upon a determination that the defendants have failed to provide a reasonable explanation for their default.

■ Counsel for defendants asserts that he failed to file such answers by reason of an oral understanding with counsel for the plaintiff reached during July, 1980, when

earlier interrogatories of plaintiff directed to defendants were the subject of sanction proceedings. Counsel for the defendants asserts that counsel for the plaintiff and he then orally agreed that the interrogatories did not have to be answered so long as counsel for the defendants did not undertake discovery of the plaintiff. While that understanding was never confirmed by any correspondence between counsel for the parties, counsel for the defendants asserts in his brief—and counsel for the plaintiff does not deny—that he, despite the motion for sanctions sought by counsel for the plaintiff in September 1980, inferred he need not respond to the interrogatories in view of their understanding, in view of the fact that counsel for the plaintiff had initiated the required procedure to have the matter listed for trial by arbitration and in view of the fact that the arbitration trial was actually scheduled for November 12, 1980.

As the equities are balanced, it is difficult to comprehend—nor does the plaintiff explain or even address—that counsel for the plaintiff, on Friday, November 7, 1980, signed a letter forwarding to counsel for defendants three exhibits to be submitted by the plaintiff at the trial five days later on November 12, 1980, and at the same time was drafting a praecipe for a default judgment for presentation on the morning of Monday, November 10, 1980.

We have earlier noted that the record does not reflect that counsel for the plaintiff attempted service upon counsel for the defendants of the order of October 30, 1980, directing that answers be filed within ten days under pain of default judgment and here note that the letter of November 7, 1980, from counsel for the plaintiff to counsel for the defendants forwarding exhibits to be submitted at the trial on November 12 did not (1) enclose a copy of the order of October 30; or (2) refer to order of October 30; or (3) advise of the intent of counsel for the plaintiff to file a praecipe for default on the following Monday, November 10, 1980.

The crucial time for the defendants to have filed the answers would be the period subsequent to the entry of the

order of October 30, 1980, the date of the order directing that default judgment be entered if the answers were not filed within ten days. Since the record does not reflect that service of this order was accomplished upon the defendants and, to the contrary, indicates that counsel for the plaintiff thereafter proceeded as though the matter were to be tried within days thereafter, we are of the view that the defendants have provided a reasonable explanation for the failure to file such answers during that crucial period.

Order reversed and remanded for proceedings not inconsistent with this opinion.