598 A.2d 57

**Catherine ALBA and Joseph Alba, her Husband**

**v.**

**UROLOGY ASSOCIATES OF KINGSTON and Ira C. Grossman, M.D., Appellants.**

Superior Court of Pennsylvania.

Argued Aug. 27, 1991.

Filed Oct. 28, 1991.

John J. Aponick, Jr., Wilkes–Barre, for appellants.

Kevin J. Dempsey, Scranton, for appellees.

Before DEL SOLE, TAMILIA and HOFFMAN, JJ.

HOFFMAN Judge:

This appeal is from an order of September 9, 1990, entered by the Luzerne County Court of Common Pleas denying appellants' petition to open a default judgment. Appellants, Urology Associates of Kingston and Ira C.

Grossman, M.D., contend that the trial court abused its discretion in denying their petition because prior notice of entry of the judgment was not given, nor was such notice excused under Pa.R.Civ.P. 237.1. We agree and accordingly vacate the order and remand for proceedings consistent with this opinion.

Appellee, Catherine Alba, contends that she was injured because of the negligence of appellant, Ira C. Grossman, M.D. Appellee's complaint was filed on November 16, 1989 and served upon appellants on November 17, 1989. Appellants' insurance carrier was the Pennsylvania Medical Society Liability Insurance Company (PMSLIC). Ms. Merry Blew, a claims supervisor with PMSLIC, orally contacted Michael Roth, the attorney representing the appellee, on November 28, 1989. During the course of that telephone conversation, an extension of time within which to answer was discussed. In a letter dated November 28, 1989, Ms. Blew referred to the conversation with Mr. Roth and a sixty day extension for the filing of an appearance and an answer. R.R. at 12a–2. The purpose of the extension was to permit Ms. Blew to investigate and possibly settle the claim. On January 24, 1990, Ms. Blew telephoned Mr. Roth informing him that PMSLIC was not going to settle. A letter was also written on that date reiterating the denial of the claim and stating that it was Ms. Blew's understanding that Mr. Roth intended "to proceed with litigation and accordingly, upon service of your complaint, we will be assigning counsel to represent Mr. Grossman." R.R. at 19a.

On February 12, 1990, a default judgment was entered against appellants upon praecipe. R.R. at 12a–1. Fourteen days later appellants filed a petition to open the default judgment. R.R. at 15a. On September 19, 1990, the Honorable Patrick J. Toole, Jr. denied the petition to open the judgment. This timely appeal was filed on September 19, 1990.

Appellants contend that the trial court erred in refusing to open the default judgment entered against them because they satisfied the three requirements needed to

open a default judgment. We agree. Our standard of review of claims regarding opening a default judgment is well-settled. A petition to open a default judgment is an appeal to the equitable powers of the court. *Central Penn Nat'l Bank v. Williams,* 362 Pa.Super. 229, 232, 523 A.2d 1166, 1167 (1987). The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision "absent a manifest abuse of discretion or error of law." *N.H. Weidner, Inc. v. Berman,* 310 Pa.Super. 590, 593, 456 A.2d 1377, 1379 (1983) (citations omitted). An abuse of discretion is not a mere error of judgment, "but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused." *St. Vladimir Orthodox Church v. Preferred Risk Mut. Ins. Co.,* 239 Pa.Super. 492, 497, 362 A.2d 1052, 1056 (1976) (citations omitted). Generally, a default judgment may be opened when three factors coalesce. The moving party must have 1) promptly filed a petition to open; 2) shown a meritorious defense; and 3) provided a reasonable excuse for the failure to file a responsive pleading. *McFarland v. Whitham,* 518 Pa. 496, 498, 544 A.2d 929, 930 (1988); *Quintilliano v. O'Neill,* 308 Pa.Super. 35, 38, 453 A.2d 1055, 1056 (1982). Viewing the record in accordance with our standard of review and the conditions required to open a judgment, we conclude that the trial court abused its discretion.

■ There is no dispute here that appellants promptly filed their petition to open the default judgment. Timeliness is measured from the date that notice is received of the entry of default judgment. *Ruczynski v. Jesray Constr. Corp.,* 457 Pa. 510, 512, 326 A.2d 326, 328 (1974). Appellants filed their petition to open fourteen days after judgment was entered. We agree with the trial court's determination that appellant filed a timely petition.

A petition to open a default judgment must also allege a meritorious defense, and it must be set forth in specific, concise terms. *See Central Penn Nat'l Bank v. Williams*, 362 Pa.Super. 229, 235, 523 A.2d 1166, 1169 (1987). Appellants claim that they amply demonstrated the existence of a meritorious defense. We agree. The petition to open alleges that the small bowel obstruction allegedly suffered by the appellee was not the result of appellant's negligence, but was an unforeseeable event during a "blind" surgical procedure, which occurred because of an unpredictable anatomic anomaly created by prior surgeries. R.R. at 17a. During the deposition of Dr. Grossman, Mr. Roth was able to delve into the claim that the event was unforeseeable. During that deposition, Dr. Grossman explained that he performed the same procedure before and has never had a problem except in this case. He states that for it to have occurred would require the bowel to be in a non-anatomic position. R.R. at 56a–57a. Certainly, a meritorious defense has been alleged by the appellants.

Finally, appellants claim that their failure to file a responsive pleading is reasonably excused because appellees failed to give notice of their intention to take a default judgment, as required by Pa.R.Civ.P. 237.1. Appellees do not deny that they failed to give the notice required under Rule 237.1. They argue, however, that the failure to give notice is excused under the Rule because the parties executed an agreement for extension of time to file an answer, and appellants failed to comply with this agreement. We cannot agree that the "agreement" between the parties was sufficient to obviate the notice requirement of the Rule. Under Pa.R.Civ.P. 237.1, the party seeking default must serve a written notice of intent to file the praecipe for entry of default judgment upon the other party unless a written agreement exists between the parties specifying an agreed upon extension of time.[1] Our Supreme Court has noted

---

1. Rule 237.1, in relevant part, is as follows:

NOTICE OF PRAECIPE FOR ENTRY OF DEFAULT JUDGMENT

that the requirements governing a written agreement for an extension of time under Rule 237.1 "basically, are the same as for any writing which purports to be a contract: the parties must be known; the terms must be definite; and the writing must, when plainly construed, indicate an agreement or meeting of the minds on the terms." *Johnson v. Southeastern Pa. Transp. Auth.*, 524 Pa. 209, 214, 570 A.2d 71, 73 (1990). The *Johnson* Court further noted that, "although the agreement need not be formal ... it does require at least an 'exchange of letters.' " *Id.*, 524 Pa. at 215, 570 A.2d at 73–74. The Court then held that,

> absent an *exchange of letters* manifesting a meeting of the minds, and absent an *unambiguous statement of a definite time period for an extension*, a separate ten day notice in a form substantially the same as that set out in Rule 237.1 would be required before a default judgment was permitted under the rule.

*Id.*, 524 Pa. at 217, 570 A.2d at 74–75 (emphasis in original).

*Johnson* held unequivocally that a term such as "thirty (30) day extension" or "sixty (60) day extension" without more, inherently is insufficiently specific to effect a waiver of the requirement of the ten (10) day notice. The court held that in the face of such uncertainty, it cannot be said that an agreement exists. The letter sent by Ms. Blew creates the same type of ambiguity which the Rule intended to avoid. The one letter she sent does not constitute an "exchange of letters" which *Johnson* refers to as a "sort of procedural statute of frauds." *Id.*, 524 Pa. at 215, 570 A.2d at 74. The letter at issue in this case refers to a sixty (60) day extension. This is exactly the type of ambiguity the

No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule.

*Johnson* Court ruled against. We cannot find that the letter written by Ms. Blew is evidence of an "unambiguous statement of the definite time period" that was to be governed by the sixty 60 day extension. Because the sixty (60) day extension was subject to different interpretations we find that an ambiguity existed. We see no principled difference between this case and *Johnson v. Southeastern Pa. Transp. Auth., supra.* Therefore, we find that appellees failed to comply with Rule 237.1 because they failed to file notice of intent to take a default judgment in the absence of a written agreement.

Accordingly, we hold that appellant provided a reasonable explanation for its failure to file an answer prior to entry of the default, and that the trial court abused its discretion in failing to open the judgment. For the foregoing reasons, the order denying the petition to open a default judgment is vacated, the default judgment is opened, and the case is remanded for further proceedings consistent with this opinion.

Order vacated; default judgment opened; case remanded. Jurisdiction is relinquished.