643 A.2d 692

Alfred SOBERDASH, Donald Soberdash and Thomas Soberdash, Trading as Soberdash Coal and Coke Company, Appellee,

v.

Walter C. ROGERS and TMC Transportation, Inc.

Appeal of TMC TRANSPORTATION, INC., Appellant.

Superior Court of Pennsylvania.

Argued Dec. 16, 1993.

Filed June 8, 1994.

---

Tracy Garland Vinson, Pittsburgh, for appellant.

Mary Campbell Spegar, Connellsville, for Soberdash, appellees.

Before DEL SOLE, TAMILIA and HESTER, JJ.

DEL SOLE, Judge:

This is an appeal from an order denying Appellant's Motion to Strike or Open Default Judgment. We reverse.

This case involves a negligence action filed by Appellees against Appellant, TMC Transportation and its employee, Walter Rogers. A complaint was served on Appellant on September 11, 1992. In an effort to resolve the matter, Appellant entered into negotiations with Appellees' attorney, tendered an offer of settlement, and received a 30 day extension in which to file an answer. A September 23, 1992 letter from Appellant to Appellee's counsel confirmed the 30 day extension and expressed hope that the proposed offer would be accepted "prior to us filing an answer." This correspondence did not set a specific date by which an answer should be filed. Another letter was written by Appellant on October 20, 1992 stating "Unless I hear from you I will assume you will give TMC an extended continuance until you get back with us on our offer." Plaintiffs' Counsel denied receiving this letter. On February 1, 1993, Appellant sent another letter to Appellee's counsel requesting a response to the outstanding offer of settlement and indicating that he was "still holding off on filing an answer to the complaint based on your verbal agree-

ment on a continuance." Appellee admitted this letter was received on February 4, 1993. On February 3, 1993, appellee filed a praecipe for default judgment against TMC. Appellant received notice that a default judgment was taken on March 26, 1993.

Appellant first contends that the trial court erred in dismissing the petition to strike the default judgment because Appellees were required to send a ten day notice of their intention to enter the default judgment. We agree.

The trial court concluded there were no defects on the face of the record justifying a striking of the judgment. It concluded that no ten day notice was required, relying on Pa. R.Civ.P. 237.1(a). The rule provides:

... If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the Prothonotary without prior notice under this rule.

Appellant's letter of September 23, 1992 was attached to the praecipe for default and did appear to be an agreement for an extension. However, it is apparent that the letter of September 23, 1992 does not satisfy the requirements of Rule 237.1 to the degree necessary to excuse the sending of a ten day notice of default. The identical issue was raised by the appellant in *Alba v. Urology Associates of Kingston,* 409 Pa.Super. 406, 598 A.2d 57, 59–60 (1991). In *Alba,* as in the instant case, appellees do not deny the failure to give notice but argue that it is excused under the Rule because the parties executed an agreement for extension of time to file an answer, and appellants did not comply with the agreements. In *Johnson v. Southeastern Pa. Trans. Auth.,* 524 Pa. 209, 570 A.2d 71 (1990), our Supreme Court held that where one party requested a thirty day extension and the other party's letter granted the extension, an "exchange of letters" did not take place which manifested an agreement, but instead the writing indicated only a proposal and counter-proposal. Based on *Johnson,* we determined in *Alba,* supra. that a term such as "thirty day extension," without more, "inherently is insufficiently

specific to effect a waiver of the requirement of ten day notice." *Alba,* 409 Pa.Super. 410, 598 A.2d at 59. Because the letter in *Alba* referring to a "sixty day extension," was subject to different interpretations, we held that the letter created the same type of ambiguity which the Rule intended to avoid. Likewise, in the instant case, we hold that the September 23, 1992 letter did not satisfy the Rule since the final time set for the filing of a responsive pleading was not stated, and therefore a separate ten day notice was required before a default judgment could be entered.

Therefore, the record is defective on its face, and as a result we must conclude that the trial court erred in failing to strike the judgement. When determining if a record is facially correct to support a default judgment, compliance with Rule 237.1 must exist. Where, as here, the purported agreement does not satisfy the Rule, the ten day notice is required and a judgment entered without that notice must be stricken.

Given the result reached on the request to strike, we need not consider the request to Open, since it is moot.

Order of the trial court is reversed, the judgment entered is stricken. Case remanded for further proceedings, jurisdiction relinquished.