J. A06004/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT A. STEVENS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM R. JOHNSON, PEGGY M. | : | |
| HOUSEAL, CAPITAL CONSULTANTS, | : | |
| INC., PBF ASSOCIATES, INC., PROFACE | : | |
| BUSINESS SERVICES, INC. | : | |
| | : | |
| | : | |
| APPEAL OF:  WILLIAM R. JOHNSON, | : | |
| PEGGY M. HOUSEAL, PBF ASSOCIATES, | : | |
| INC. | : | |
| | : | |
| | : | |
| | : | No. 1935 MDA 2013 |

Appeal from the Order Entered October 22, 2013
In the Court of Common Pleas of York County
Civil Division at No(s): 2012-SU-004044-86

BEFORE: LAZARUS,J., STABILE,J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 18, 2016**

Appellants, William R. Johnson, Peggy M. Houseal, and PBF Associates, Inc., defendants below, appeal from the order entered on October 22, 2013, in the York County Court of Common Pleas denying Appellants' Petition/Motion of Defendants to Open and/or Strike Default Judgment.  We affirm.

On September 28, 2012, Appellee, Robert A. Stevens, plaintiff below, filed a Complaint against individual defendants William R. Johnson and Peggy M. Houseal, and three corporations: PBF Associates, Inc., a business

in which Houseal was the sole owner and shareholder; Capital Consultants, Inc.; and Proface Business Services, Inc., seeking to recover on a loan of $100,000 he made to them. [1]

The Sheriff served all defendants with the Complaint and a Request for Production of Documents on October 10, 2012.

On January 24, 2013, Appellee mailed each Appellant and defendant Capital Consultants, Inc. a Notice of Praecipe for Entry of Default Judgment by Default for Failure to Plead pursuant to Pa.R.C.P. 237.1 ("Notice"). Six weeks later, on March 8, 2013, upon Appellee's praecipes, the Prothonotary entered judgment by default against Appellants and Capital Consultants, Inc.[2]

Although the court had already entered Default Judgments against Appellants Johnson and Houseal, on April 17, 2013, they each filed Answers to the Complaint and a "Response to Request for Production of Documents."

On June 28, 2013, Appellee filed a Motion for Leave of Court to Discontinue Action as to Proface Business Services, Inc. On July 9, 2013, the trial court entered an order granting Appellee's Motion. On July 11,

---

[1] Appellee alleged in the Complaint that "the original loan was made to William R. Johnson and Peggy M. Houseal and they are jointly and severally liable to [Appellee] on that loan[,]" and that "Proface Business Services, Inc. has been an instrumentality of the individual defendants and has collaborated with them in a scheme to obtain money from [Appellee] to avoid repayment of the promised obligation." Complaint, 9/28/12, at ¶ 23, 32.

[2] Capital Consultants, Inc. is not a party to this appeal.

2013, Appellee filed a Praecipe to Discontinue this action as to Proface Business Services, Inc.

More than three months after the court entered Default Judgment against the Appellants, on August 1, 2013, Appellants Johnson, Houseal, and PBF Associates, Inc., filed a Petition/Motion of Defendants to Open and/or Strike Default Judgment ("Motion").

After a hearing on the Motion, the trial court denied the Motion on October 22, 2013, concluding: (1) that Appellee gave notice of his intention to enter judgment on January 24, 2013; and (2) that Appellants failed to establish the requisites for opening or striking a default judgment. Trial Ct. Op., 10/22/2013, at 4. Appellants timely appealed on October 28, 2013. Appellants' Notice of Appeal contained a "Concise Statement of Issues Raised," so the trial court did not order Appellants to comply with Pa.R.A.P. 1925. The trial court filed a Rule 1925(a) opinion.

**Issues on Appeal**

Appellant raises the following issues on appeal:

> 1. Whether the trial court erred in construing the law, specifically Pa.R.C.P. 237.1(a)(2)(i) and (ii), or abused its discretion by denying [A]ppellants['] petition to strike or open the judgment by default when [ ] counsel for [A]ppellee gave only 8 (eight) days written Notice of Intention to file Praecipe and enter Judgment instead of the mandatory 10 (ten) days that the Rule requires.
>
> 2. Whether the trial court abused its discretion by denying [A]ppellants['] petition to open judgment by default when [A]ppellants established overwhelming evidence of a meritorious defense to plaintiff's complaint, reasonable

> explanations for its failure to respond, and timely filing of their petition.

Appellants' Brief at 5.

## Legal Analysis

In Appellants' first issue, they claim that the trial court erred in denying their Motion in light of the fact that they did not receive adequate notice of Appellee's intent to enter default judgment against them. In support of this claim, Appellants note that on February 28, 2013, eight days before filing a Praecipe to Enter Default Judgment, counsel for Appellee sent Appellant Houseal a letter ("Letter"), which Appellants characterize as clearly intending to put Appellants on ten-day notice of Appellee's intention to take a default judgment pursuant to Pa.R.C.P. 237.1. *Id.* at 12. We disagree, and agree with the trial court that Appellee properly gave Appellants notice of his intent to enter a default judgment more than ten days before so doing.

The interpretation and application of a Rule of Civil Procedure is a question of law, for which our standard of review is *de novo* and our scope of review is plenary. **Roth v. Ross**, 85 A.3d 590, 592 (Pa. Super. 2014).

Pa.R.C.P. 237.1 prohibits the entry of judgment of *non pros* for failure to plead "unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered . . . at least ten days prior to the date of the filing of the praecipe to the party against

whom judgment is to be entered and to the party's attorney of record, if any." Pa.R.C.P. 237.1(a)(2)(ii).

In the instant matter, our review of the record indicates that Appellee certified in the March 8, 2013 Praecipe to Enter Judgment by Default ("Praecipe") that he mailed Appellants the Notice on January 24, 2013, and that Appellee annexed a copy of the Notice to the Praecipe. The Notice is in the form required by Pa.R.C.P. 237.5, Form of Notice of Praecipe to Enter Judgment by Default.

Notwithstanding the propriety of Appellee's Notice and Praecipe, Appellants claim that the trial court erred in calculating the date they received notice of Appellee's intent to enter default judgment from the date Appellee mailed the Notice (January 24, 2013), rather than from the date of Appellee's counsel's Letter to Appellants (February 28, 2013). Appellants baldly assert, that, "once a subsequent ten day letter is given under the rule, [ ] it should be complied with, irrespective if a prior one had been sent." Appellants' Brief at 13.

This claim of error fails for two reasons. First, we disagree with Appellants' characterization of counsel's February 28, 2013 Letter as constituting a subsequent Notice of Praecipe for Entry of Judgment by Default for Failure to Plead. The Letter is not in the form required by Rule 237.5. Rather, it appears to be merely a courtesy letter reminding Appellants that entry of default judgment, pursuant to the Notice mailed on

January 24, 2013, is looming. Appellants do not claim that the January 24, 2013 Notice was in any way deficient. Therefore, the January 24, 2013 Notice constituted a valid notice of Appellee's intent to enter default judgment against Appellants.

Second, Appellants' request that this Court find that the effect of the February 28, 2013 Letter was to supersede the notice provided to them on January 24, 2013, for purposes of calculating the date on or after which default judgment may be entered, has no basis in the law. Appellants have not supported their contention that this is indeed the consequence of sending a courtesy letter of this kind to Appellants with citation to any relevant authority. Accordingly, this claim fails.

Appellants' next claim that the trial court erred in denying their Motion because they "produced overwhelming evidence of a meritorious defense[,] . . . have shown legitimate reasons for the delay in filing[,] . . . and [have] shown timely filings under the totality of the circumstances they were operating under." Appellant's Brief at 14-15. This claim fails.

This Court has held that it will not reverse a decision of a trial court denying a Motion to Open Default Judgment unless there is a manifest abuse of discretion or error of law:

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

***Green Acres Rehab. and Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1270 (Pa.Super. 2015), quoting ***Graziani v. Randolph***, 856 A.2d 1212, 1223 (Pa.Super. 2004).

Moreover, the petitioner filing the Petition to Open the Default Judgment must establish that it filed the petition promptly, it has a reasonable excuse for not answering the Complaint and it has a meritorious defense to the Complaint:

> Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense. . . . In making this determination, a court can consider facts not before it at the time the judgment was entered.

***Id.***, quoting ***Mother's Restaurant, Inc. v. Krystkiewicz***, 861 A.2d 327, 336 (Pa.Super. 2004) (*en banc*) (citation omitted).

With respect to their alleged meritorious defense, Appellants claim that Appellant Johnson signed the promissory note as "agent" for Capital Consultants, Inc., and therefore neither he nor Appellants Houseal or PFB Associates, Inc., are personally liable to Appellee. Appellant's Brief at 14. Appellants also argue that their delay in filing the Petition to Open the Default Judgment was caused by Appellant Johnson's poor health and Appellant Houseal being "overwhelmed with trying to catch up and decipher business investments of which she has almost no knowledge." ***Id.*** at 14-15.

Last, Appellants argue that, in light of the circumstances of Johnson's illness and Houseal's busyness, they filed their Motion as promptly as possible. ***Id.*** at 15. Appellants also note that their counsel filed the Motion on the day Appellants officially retained him. ***Id.*** at 16.

After a thorough review of the record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned opinion of the trial court, we conclude that there is no merit to Appellant's second issue on appeal. Accordingly, we affirm on the basis of the trial court's opinion as to Appellant's second issue. ***See*** Trial Ct. Op., 3-7, 11/6/13.

Judgment affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2016

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

ROBERT A. STEVENS,
    Plaintiff

No. 2012-su-4055-86

vs.

CIVIL ACTION - LAW

WILLIAM R. JOHNSON,
PEGGY M. HOUSEAL,
CAPITAL CONSULTANTS, INC.,
PBF ASSOCIATES, INC., and
PROFACE BUSINESS SERVICES, INC.,
    Defendants

APPEARANCES:

    JOHN CRABBS, ESQUIRE
    For the Plaintiff

    DAVID ASSAD, ESQUIRE
    For the Defendants

## Pa.R.A.P. 1925(a) MEMORANDUM OPINION IN SUPPORT OF ORDER

Defendants William R. Johnson, Peggy M. Houseal, and PBF Associates, Inc., have appealed the Order of the Court dated October 17, 2013 and docketed October 22, 2013. Notice of the appeal was filed and received by this Court on October 28, 2013. The Notice of Appeal included a Concise Statement of Issues Raised; the Court therefore has not ordered Defendants to file a Concise Statement of Matters Complained Of on Appeal.

1

After review, this Court respectfully refers the Superior Court of Pennsylvania to this trial court's comprehensive Order filed October 22, 2013. This Memorandum Opinion will provide additional clarification and support for the Order previously entered by this Court.

## Discussion

In this matter, Defendants Peggy M. Houseal, William R. Johnson, and PBF Associates, Inc. filed a "Petition/Motion to Strike and/or Open Default Judgment" on August 1, 2013. The Court will refer to the Petition/Motion as a Motion herein as it was not verified. Default judgment was entered against the Defendants in this matter on March 8, 2013. The Motion was presented to the Court at Civil Motions Court on October 17, 2013. At that time the Court determined that grounds for striking and/or opening the judgment had not been established and the Motion was denied. Defendants now argue on appeal that this decision of the Court was in error.

Defendants first complain in their Concise Statement of Issues Raised that the Court should have stricken the default judgment because the judgment was entered only eight days after the Ten-Day Notice of Default in violation of Pa. R. Civ. Pro. No. 273.1(a)(2). Defendants claim that the Ten-Day Notice of Default was given on February 28, 2013 and that judgment was entered eight days later

2

on March 8, 2013. The record is clear; the Ten-Day Notice of Default is dated January 24, 2013. The Notice of Default was therefore given well in excess of 10 days before the entry of the default judgment. The Court's decision to deny the request to strike the default judgment was therefore not in error.

Second, Defendants claim that they did raise a meritorious defense and did provide a reasonable excuse for not timely filing an Answer to the Complaint in this matter. In order to open a default judgment, Pa. R. Civ. Pro. No. 237.3 requires that the Motion include a verified Answer, be timely filed, and state a meritorious defense. With respect to verified Answers, no such Answers are attached to the Motion. However, the record shows that the individual Defendants did file Answers on April 17, 2013, well beyond ten days after the entry of default judgment, but those Answers only state "Admitted" "Denied" "Admitted in Part. Denied in part," "Neither admitted or denied," or "Defendant does not have sufficient information to admit or deny." These are not acceptable Answers. Pursuant to Pa. R. Civ. Pro. No. 1029, denials must be specific and a general denials acts as admissions. In addition, a reasonable investigation is necessary before a party can plead that they are without information of knowledge to admit or deny. No verified Answer had previously been filed for Defendant PBF Associates. On September 17, 2013, Chambers received a copy of an Amended Answer for all three Defendants. This Amended Answer is not

3

appropriate—there was no agreement between the Parties to allow amendment and leave of court to amend was not granted. The Amended Answers therefore violate Pa. R. Civ. Pro. No. 1033. In addition, Defendant PBF Associates never filed an Answer, so it cannot file an Amended Answer. The Court notes that these Amended answers have not been filed with the Prothonotary. The record clearly shows that Defendants failed to satisfy the requirement that the Motion include appropriate verified Answers.

With respect to being timely filed, Rule 237.3 presumes that a request to open a default judgment is timely if made within 10 days of the filing of default judgment. In this case, the Motion to Strike and/or Open was not filed until five months after the filing of default judgment and no adequate excuse has been given for the delay. In the Motion, it appears that Defendants argue that two strokes suffered by Defendant Johnson in May and June of 2011 prevented him and his companion, Defendant Houseal, from filing a timely Answer. However, Defense Counsel did indicate during the presentation of this Motion that the Defendants had unsuccessfully attempted to retain Counsel; they therefore were aware of this case and the need to take action. The Individual Defendants have also been actively involved in the execution proceedings in this matter and have filed several documents with the Court since the entry of default judgment. In any event, Defendants do not claim in their Concise Statement that the Court erred in its determination that there was no reasonable excuse for the delay.

4

The main error identified by Defendants is the Court's determination that no meritorious defense had been pled. Defendants argue that Peggy Houseal and PBF Associates do not appear on the Note and that William Johnson only appears on the Note as the agent of Capital Consultant Inc., and that Capital Consultants was the guarantor of the Note. These allegations can generally be found in the New Matter included in the untimely Answers filed by the individual Defendants. Specifically, Defendant Houseal claims that she was not present when the Note was negotiated, was not a party in interest to the Note, and is not jointly or severally liable for the monies owed. (Def. Houseal's New Matter ¶¶11&13). Defendant Johnson alleges that he signed the Note as an agent for Capital Consultants. (Def. Johnson New Matter ¶13). The Motion in addition contained self-serving letters from Defendant Houseal to Plaintiff's Counsel stating this information; however, the Motion was not verified nor has a return letter from Plaintiff's Counsel been produced indicating his receipt of this information. Defendant Houseal does admit that she made a payment on the Note. The assertions of fact made by Defendants imply a defense basically consisting of the claim that they are not liable under the Note. This defense is not set forward in specific, concise and clear terms. *Penn-Delco School Dist. v. Bell Atlantic-Pa, Inc.*, 745 A.2d 14 (Super.1999); *Alba v. Urology Associates of Kingston*, 598 A.2d 57, 409 Pa.Super. 406 (Super.1991). In addition, the allegation that the names of Defendant Houseal and PBF Associates do not

5

appear on the Note and the allegation that Defendant Johnson was an agent for Capital Consultants are not defenses that if proven would necessarily entitle Defendants to relief at trial. As the Answers that were filed in this matter show by their failure to specifically deny any of the allegations in the Complaint, as well as averments made by Defendants themselves in the Motion and before the Court, there is a relationship between all Defendants and the Note, a relationship that could result in their being held liable at trial even were it determined by a jury that Defendants Houseal and PBF Associates are not signatories and that Defendant Johnson is an agent of Capital Consultants. Therefore, no meritorious defense has been pled.

In conclusion, since the Defendants' request that the Court open the default judgment was not timely filed, with no adequate excuse for the delay, does not include a verified Answer, with no appropriate verified Answer having been previously filed by individual Defendants and no Answer having been filed by Defendant PBF Associates, and since no meritorious defense has been pled, the Court's decision to deny the request was not in error. The Court notes additionally that each of the three criteria to open a default judgment must be met by Defendants and the failure to timely file an Answer, or to attach a verified Answer, or to allege a meritorious defense on their own would be sufficient to deny the request to open the judgment. Denial of the request that the judgment

6

be stricken was also not in error as there are no defects on the face of the record as the Notice of Default is dated over ten days before the entry of default judgment.

The Prothonotary shall forward copies of this Memorandum Opinion to John Crabbs, Esquire, attorney for the Plaintiff, and David Assad, Esquire, attorney for the Defendants.

BY THE COURT,

_____
Stephen P. Linebaugh, President Judge
19th Judicial District of Pennsylvania

Date: __11/4/13__

7