**ALLEGHENY HYDRO NO. 1 t/a Allegheny Hydro No. 8, L.P., Allegheny Hydro No. 1, t/a Allegheny Hydro No. 9, L.P., Appellees,**

v.

**AMERICAN LINE BUILDERS, INC., Chas. T. Main, Inc., CAI Enterprises, Inc., Lapp Insulator Company, and Scott & Scott Consultants, Appellees.**

**Appeal of Chas. T. Main, Inc.**

Superior Court of Pennsylvania.

Argued Oct. 8, 1998.

Filed Dec. 14, 1998.

Michael R. Libor, Philadelphia, for appellant.

Robert L. Byer, Pittsburgh, for Allegheny Hydro, appellee.

Before EAKIN, SCHILLER and OLSZEWSKI, JJ.

OLSZEWSKI, J.:

This is an appeal from a February 5, 1998 order denying Chas T. Main's ("Main") petition to open a default judgment. Main contends that the trial court erred as a matter of law and abused its discretion in denying the petition. We disagree and affirm the trial court's order.

The relevant procedural history of this case is as follows. On February 7, 1997, Allegheny Hydro filed its original complaint against Main and four other defendants, alleging breach of contract and negligence. Allegheny Hydro filed its first amended complaint on March 7, 1997 and its second amended complaint on May 5, 1997. After Main failed to file an answer to the second amended complaint and to the prior complaints, Allegheny Hydro mailed a notice of default to Main on July 11, 1997. On July 25, 1997, Allegheny Hydro filed its praecipe for default judgment. On September 4, 1997, Main filed its petition to open default judgment, which was denied by the court on February 5, 1998. This appeal followed.

■ In general, a default judgment may be opened when three elements are established: the moving party must (1) promptly file a petition to open the default judgment, (2) show a meritorious defense, and (3) provide a reasonable excuse or explanation for its failure to file a responsive pleading. *Alba v. Urology Assocs. of Kingston*, 409 Pa.Super. 406, 598 A.2d 57, 58 (Pa.Super.1991). The standard of review for challenges to a decision concerning the opening of a default judgment is well-settled.

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision 'absent a manifest abuse of discretion or error of law.'

*Id.* 598 A.2d at 58 (citing *N.H. Weidner, Inc. v. Berman*, 310 Pa.Super. 590, 456 A.2d 1377, 1379 (Pa.Super.1983)) (citations omitted). We will not hesitate to find an abuse of discretion in a lower court's denial of a petition to open judgment when, upon our own review of the case, we have found that the equities clearly favored opening the judgment. *Provident Credit Corp. v. Young*, 300 Pa.Super. 117, 446 A.2d 257, 261 (Pa.Super.1982). Upon our review of the three-part test and the equities in this case, we hold that the trial court properly denied Main's petition to open default judgment.

■ We first address Main's argument that the trial court erred as a matter of law because it strictly applied the three-part test for opening default judgment and did not explicitly set forth its consideration of the equities and prejudices. Relying upon our prior decisions, particularly *Provident Credit Corp. v. Young, supra,* Main argues that, instead of simply analyzing the case pursuant to the three-part test, a trial court must weigh the equities in deciding whether to open judgment. In the present case, the trial court concluded that Main satisfied only one of the three factors of the tripartite test. Although Main demonstrated that it has a meritorious defense, it failed to prove that it promptly filed the petition to open judgment and that it has a reasonable excuse for its failure to file a responsive pleading. In its written opinion, however, the court did not explicitly discuss its consideration of the equities and balancing of the prejudices. Main argues that if a court fails to conduct such an analysis, it has committed an error of law.

Appellant's interpretation of the law on this matter is unsupported. In *Young*, 446 A.2d at 264, we recognized the following:

> Without question, in many cases where we have found that one of the three requirements for opening a judgment was not met we have stopped without considering the arguments made with regard to the other two. It is difficult, however, to reconcile this approach with the many other cases that emphasize the equitable nature of the decision whether to grant a petition to open, and the importance of balancing the prejudice to the two sides.
>
> * * * *
>
> The question is, Can a court make an "equitable determination" of what is "reasonable under the circumstances" without considering *all* of the circumstances of the particular case? We think not.

*Id.* (citations omitted). *Young* involved an appeal from a trial court decision where the lower court, having decided that the default and delay were not excused, never considered appellant's argument that she had a meritorious defense. *Id.* We noted that

> [t]he merits of a defense may have some bearing on the question of whether a peti-

tion to open was promptly enough filed. The more plainly meritorious the defense, the more heavily the equities will incline in the petitioner's favor, which is to say, the more appropriate it may be to excuse some delay.

*Id.*

Contrary to Main's assertions, our statements in *Young* do not support the argument that when a trial court has applied the tripartite test and has fully considered all of the circumstances of the case, it has nonetheless committed an error of law because it did not specifically set forth its consideration of the prejudices and equities. In *Young*, we recognized the importance of the tripartite test:

The test will often provide a ready determination—a navigator's "quick fix"—of where the equities lie. For example, in a case where no attempt has been made to explain the default or delay, or where, in an assumpsit case, no defense has been pleaded, or only one clearly without merit, it is difficult to imagine that the equities would favor opening the judgment. *But where some showing has been made with regard to each part of the test, a court should not blinder itself and examine each part as though it were a watertight compartment, to be evaluated in isolation from other aspects of the case. Instead, the court should consider each part in light of all the circumstances and equities of the case.* Only in that way can a chancellor act as a court of conscience.

*Id.* (emphasis added).

Similarly, in other cases, we emphasized the importance of the tripartite test in the court's analysis of the circumstances and equities. In *Duckson v. Wee Wheelers, Inc.*, 423 Pa.Super. 251, 620 A.2d 1206, 1212 (Pa.Super.1993), we examined the circumstances of the case within the framework of the tripartite test and concluded that "[b]ased on the foregoing analysis, we hold that the overall equities in this case warrant opening the default judgment." In *Castings Condominium Ass'n, Inc. v. Klein*, 444 Pa.Super. 68, 663 A.2d 220, 225 (Pa.Super.1995), we refused to weigh the equities in the defendant's favor and reiterated that a court cannot open a default judgment based upon equities when the defendant has failed to establish all three factors of the test. This line of cases demonstrates that the three-factor test is a framework within which the trial court is to conduct its equitable analysis.

In the present case, the trial court fully evaluated the three factors of the test and considered all of the relevant circumstances as they related to those factors. The court concluded that although Main has a meritorious defense, it failed to make an adequate showing that it promptly filed the petition and that it had a reasonable excuse for the default. The trial court did not err as a matter of law for failing to conduct a separate discussion of the equities when doing so would only reiterate the circumstances and facts considered by the court.

█ Main next argues that the trial court abused its discretion in denying its petition to open default judgment. " 'An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.' " *St. Vladimir Ukrainian Orthodox Church v. Preferred Risk Mut. Ins. Co.*, 239 Pa.Super. 492, 362 A.2d 1052, 1056 (Pa.Super.1976) (quoting *Mielcuszny v. Rosol*, 317 Pa. 91, 176 A. 236 (Pa.1934)). In the present case, we find that Main failed to demonstrate that it promptly filed its petition and that it has a reasonable excuse for not filing a responsive pleading. Furthermore, we find that the equities do not support the opening of the judgment. Thus, the trial court did not abuse its discretion.

Allegheny Hydro filed its original complaint on February 7, 1997. According to Main, shortly after being served with the complaint, its in-house counsel informed counsel for Allegheny Hydro that it intended to retain the services of an outside law firm to file an answer to the second amended complaint, but it first needed to resolve a conflict of interest issue with the firm. According to Main, counsel for Allegheny Hydro did not object to its counsel's proposed

schedule. The trial court found that no extension was granted or agreed to by Allegheny Hydro's counsel. Trial Court Opinion, 2/6/98, at 9. On April 17, 1997, the attorney assigned to Allegheny Hydro's case left the employment of the law firm representing Allegheny Hydro and another attorney was assigned to handle Allegheny Hydro's case. On May 5, 1997, Allegheny Hydro filed its second amended complaint, which is the complaint upon which the default judgment was entered.

On July 11, 1997, Allegheny Hydro mailed a notice of default to Main, stating that unless Main acts within ten days from the date of the notice, by July 21, 1997, a default judgment will be entered. Main's counsel received the notice of default on July 15, 1997, the day on which he was leaving the country for a business meeting. That day, Main's counsel telephoned the attorney for Allegheny Hydro from the airport to discuss his misunderstanding as to when the answer was due. Main's counsel asked opposing counsel for an eleven-day extension of time to file an answer because he was leaving the country. The attorney for Allegheny Hydro informed Main's counsel that she had to check with her supervising attorneys and her client before approving any extension of time, and that she would leave a voice-mail message for him concerning the matter. The trial court found that Allegheny Hydro's counsel left Main's counsel voice-mail messages on July 16th and 17th and that Main's counsel knew as of July 17, at the latest, that Allegheny Hydro would not agree to an extension of time. Trial Court Opinion, 2/6/98, at 6–7.

Allegheny Hydro filed a praecipe for default judgment on July 25, 1997. After receiving the praecipe for default judgment, Main's counsel telephoned Allegheny Hydro's counsel on July 31, 1997, and again on August 1, 1997, requesting that Allegheny Hydro voluntarily open the default judgment. On August 4, 1998, Main's counsel sent Allegheny Hydro's counsel a letter requesting that the default judgment be voluntarily opened. On August 4, 1998, Allegheny Hydro's counsel telephoned Main's counsel and told him that there were no plans to voluntarily open the default judgment, but she would consult with her supervising attorney and would call him back if they changed their position. On August 8, 1997, Allegheny Hydro's counsel left Main's counsel a voice-mail message stating that Allegheny Hydro would not voluntarily open the judgment and faxed a letter setting forth the denial on August 14, 1997.

Main retained the legal services of a law firm in late August of 1997. An attorney from that firm faxed a letter to Allegheny Hydro's counsel on August 29, 1997, requesting that she voluntarily open the default judgment. Once again, counsel for Allegheny Hydro denied the request. Main finally filed its petition to open default judgment on September 4, 1997. At that time, no other defendant had filed an answer to the second amended complaint, and no discovery had taken place. The only matters pending before the trial court were the co-defendants' preliminary objections.

 Based upon these facts, the trial court concluded that Main did not timely file the petition to open judgment. In evaluating whether the petition has been promptly filed, "[the] Court does not employ a bright line test. . . . [The Court focuses] on two factors: (1) the length of the delay between discovery of the entry of a default judgment and filing the petition to open judgment, and (2) the reason for the delay." *Quatrochi v. Gaiters*, 251 Pa.Super. 115, 380 A.2d 404, 407 (Pa.Super.1977). Main did not file its petition to open judgment until forty-one days after the default judgment was entered. We have held in the past that delays of less than forty-one days have been untimely. *See B.C.Y., Inc. Equipment Leasing Assocs. v. Bukovich*, 257 Pa.Super. 121, 390 A.2d 276, 278 (Pa.Super.1978) (twenty-one day delay is not prompt); *Hatgimisios v. Dave's N.E. Mint, Inc.*, 251 Pa.Super. 275, 380 A.2d 485, 485 (Pa.Super.1977) (thirty-seven day delay is not prompt). In cases where we have found there to be a prompt filing of the petition, the period of delay was generally less than one month. *See Alba v. Urology Assocs. of Kingston*, 409 Pa.Super. 406, 598 A.2d 57, 58 (Pa.Super.1991) (fourteen-day delay is timely); *Fink v. General Accident Ins.*

*Co.*, 406 Pa.Super. 294, 594 A.2d 345, 346 (Pa.Super.1991) (five-day delay is timely).

The trial court properly considered the reasons for the delay and found them to be unreasonable. Attempts to informally resolve the matter by asking opposing counsel to voluntarily open judgment is not a reasonable excuse for the forty-one day delay. *See Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143, 146 n. 3 (Pa.1973). By August 8, 1997, Main's counsel was aware that opposing counsel would not voluntarily open judgment. Nevertheless, Main did not file its petition until almost a month later, on September 4, 1997. It was unreasonable for Main's counsel to not file a petition to open judgment for almost a month after receiving a denial from opposing counsel to his request to voluntarily open judgment.

■ Additionally, Main has failed to demonstrate that it has a reasonable·excuse for failing to file a responsive pleading to the second amended complaint. Main's failure to file a responsive pleading within the prescribed time period and to not take proper action after receiving the notice of default can only be ascribed to the carelessness of Main's in-house counsel. Almost seven months after Allegheny Hydro commenced the action, Main's in-house counsel failed to file a responsive pleading. Further, the default judgment was not entered until more than two months had passed after the filing of the second amended complaint.

Main attempts to excuse its failure to file a responsive pleading and its failure to act on the notice of default by arguing that its in-house counsel was out of town and mistakenly believed that Allegheny Hydro's counsel had granted it an extension of time. The trial court found that at no time did Allegheny Hydro's counsel explicitly grant Main's counsel an extension. Instead, Main's·counsel assumed that opposing counsel would grant him the extension based upon professional courtesy. Such an assumption was unreasonable given that Allegheny Hydro's counsel did not agree to an extension. Allegheny Hydro's counsel had no legal obligation to grant an extension of time and, contrary to Main's assertions, we find that Allegheny Hydro is not at fault for Main's

delay. Furthermore, while the Pennsylvania Rules of Civil Procedure require a written agreement to extend the time for filing a responsive pleading, 42 Pa.R.C.P. §§ 201 & 248, Main's counsel never obtained such a written agreement. In conclusion, Main's excuse is nothing more than the carelessness and unreasonable assumptions of its counsel.

Our past decisions are instructive on this matter. In *Castings Condominium Ass'n, Inc. v. Klein*, 444 Pa.Super. 68, 663 A.2d 220, 224 (Pa.Super.1995), appellant's counsel sent a letter to appellee's attorney expressing his assumption that appellee's counsel would not seek a default judgment. Appellee's counsel did not respond to the letter. We held that counsel's assumption was unwarranted since opposing counsel never affirmatively responded to his request that a default judgment not be taken and there was thus no meeting of the minds. *Id.* Similarly, in *McEvilly v. Tucci*, 239 Pa.Super. 474, 362 A.2d 259, 262–63 (Pa.Super.1976), counsel for defendants sent plaintiffs a letter expressing his assumption that plaintiffs would not require a responsive pleading. Plaintiffs did not respond to the letter and took a default judgment against defendants. We found that defendants' excuse for not filing a responsive pleading was unreasonable and held:

> [T]he evidence in the present case indicates that [defendants] ... unjustifiably relied upon [plaintiffs'] ... lack of response to the letter ..., and their mistaken belief that [plaintiffs] ... did not intend to pursue their rights by taking a default judgment. The lower court did not abuse its discretion in deciding that [defendants] ... did not satisfactorily explain their failure to file an answer to the complaint.

*Id.* 362 A.2d at 263. Likewise, the trial court in this case did not abuse its discretion in deciding that appellant failed to make a showing on two elements of the tripartite · test.

Contrary to appellant's assertions, its counsel's failure to file responsive pleadings was not an error that indicates an oversight rather than a deliberate decision not to defend, and thus the failure to file is not excusable. *See Johnson v. Yellow Cab Co.*, 226

Pa.Super. 270, 307 A.2d 423, 424 (Pa.Super.1973). We have held that an attorney's failure to file an answer because he mistakenly assumed opposing counsel granted an extension was not mere oversight. *See McEvilly v. Tucci*, 239 Pa.Super. 474, 362 A.2d 259, 262 (Pa.Super.1976). Thus, the trial court was correct in finding that appellant failed to prove two elements of the tripartite test.

Finally, Main argues that the equities favor opening the judgment. According to Main, at the time that the trial court was reviewing the petition, Allegheny Hydro would not have suffered prejudice if the judgment was opened because no discovery had occurred and no answers were filed. Main, however, will be prejudiced by the court's failure to open the default judgment because it will be responsible for a one-million-dollar judgment which, had they defended on the merits, they would likely have been found not liable. We find Main's argument unpersuasive. The nature of a default judgment is to impose responsibility upon a defendant who had the opportunity to defend the claim on the merits but has failed to do so. *See Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144, 147 (Pa.1971). Based upon the factors and circumstances as discussed above, we find that the equities do not dictate that we open the default judgment.

Order is affirmed.