J-A04014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MURRAY OLIPHANT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STACEY BARRETT | : | |
| | : | |
| Appellant | : | No. 1996 EDA 2019 |

Appeal from the Order Entered June 13, 2019
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2017-C-1383

BEFORE:   PANELLA, P.J., STRASSBURGER, J.\*, and COLINS, J.\*

MEMORANDUM BY PANELLA, P.J.:                **FILED FEBRUARY 28, 2020**

Stacey Barrett appeals from the trial court's order denying her petition to open a default judgment entered against her. Barrett asserts the trial court erred when it found that she failed to file her petition to open promptly, and that she had not presented a meritorious defense. After careful review, we conclude that the trial court did not abuse its discretion and therefore affirm.

On May 3, 2017, Oliphant filed a civil complaint against Barrett as a result of a motor vehicle accident that occurred on February 15, 2016. Oliphant claimed that Barrett struck his vehicle while they were both travelling on Route 309 in North Whitehall Township, Lehigh County, Pennsylvania. After multiple failed attempts at service by the Sheriff's office, the trial court

_____

\* Retired Senior Judge assigned to the Superior Court.

granted Oliphant permission for alternate service to Barrett's last known address of 1710 MacArthur Road Box #188, Whitehall, PA 18052.

On January 30, 2018, Oliphant filed an affidavit of service reflecting that service had been achieved. Barrett did not file a timely response to Oliphant's complaint. Accordingly, on April 13, 2018, Oliphant entered default judgment against Barrett. Over eight months later, in December 2018, counsel for Barrett entered his appearance. Another two months later, on February 27, 2019, counsel for Barrett filed a petition to open default judgment.

On February 28, 2019, the court issued a rule to show cause why Oliphant was not entitled to the relief requested and advised a hearing would be held on the matter. The hearing was held in April of 2019, at which Barrett testified that she never received service of the complaint or the default judgment. Specifically, she contended that the MacArthur Road address was a UPS store box that she stopped using the same month as the accident. She claimed to have closed the box, but presented no evidence to support this contention.

Barrett further testified that she learned about the complaint when Progressive Insurance called her around December 2018 or January 2019. On June 13, 2019, the trial court denied the petition to open default judgment, finding Barrett's petition was not prompt and that she had not presented a meritorious defense. This timely appeal followed.

Barrett raises two questions on appeal:

1. Did the Trial Court commit an error of law in denying [Barrett]'s Petition to Open Default Judgment by holding that [Barrett] did not act promptly and the Petition was not timely filed?

2. Did the Trial Court commit an error of law in denying [Barrett]'s Petition to Open Default Judgment by holding that [Barrett] did not present a meritorious defense?

Appellant's Brief, at 6.

Our standard of review provides that

a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

*Kelly v. Siuma*, 34 A.3d 86, 91 (Pa. Super. 2011) (citation omitted).

"Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." *Id*., at 92 (citations omitted). A petitioner's failure to establish any of these elements precludes the court from opening the judgment. *See Allegheny Hydro 1*, 722 A.2d 189, 191-92 (Pa. Super. 1998) (finding the trial court cannot open a default judgment based on the "equities" of the case when the appellant has failed to establish all three of the required criteria).

Here, we can find no abuse of discretion in the trial court's conclusion that the petition to open was not promptly filed. We therefore only address this prong of the test.

"In evaluating whether the petition to open judgment has been promptly filed, [the] Court does not employ a bright line test .... [The Court focuses] on two factors: (1) the length of the delay between discovery of the entry of a default judgment and filing the petition to open judgment, and (2) the reason for the delay." **See Allegheny Hydro No. 1**, 772 A.2d at 193 (citations and internal quotations omitted; brackets in original).

Here, Barrett testified that she was no longer using the UPS store mail box in January of 2018, when service was mailed to that address. **See** N.T., Hearing, 6/12/2019, at 9. She further claimed that she was never notified of the original process that had been mailed to her. **See id.** at 9-10.

On cross-examination, she was asked when she changed her official address from the UPS mail box. She claimed that she did not remember the exact date, but that it was within a month of the accident in February of 2016. **See id.** at 12-14. However, she could provide no documentation to establish that she had closed the UPS mail box. **See id.** at 16. In contrast, PennDOT records indicated the UPS mail box was her address of record as of January 4, 2018. **See** Exhibit P-1.

After receiving this evidence, the trial court found that Barrett was not credible regarding her address. **See** Order, 6/13/2019, at n.1. Instead, the

court found that the UPS mail box was Barrett's official address at the time original process was mailed to the UPS mail box. *See id.*

After reviewing the record, we cannot conclude that this credibility finding constitutes an abuse of discretion. The court chose to credit the PennDOT records over Barrett's vague and not entirely consistent testimony.

Given this finding, the court's conclusion that the petition to open was not promptly filed is certainly reasonable. Based on the court's credibility findings, Barrett received notice of the underlying litigation and made no effort to respond until over a year later. Even if we assume that she did not receive explicit notice of the default judgment in April of 2018, the court was justified in concluding that her delay in filing the petition to open was caused by her own negligence.

Barrett asserts the trial court erred when it denied her petition because the trial court did not find Oliphant would be prejudiced by opening the judgment. However, a court need not address prejudice when a petitioner does not establish all three requirements of the test to open a default judgment. *See Dumoff v. Spencer*, 754 A.2d 1280, 1283 (Pa. Super. 2000).

For the aforementioned reasons, Barrett's claims do not merit relief. Accordingly, we affirm the trial court's order denying her petition to open.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/20