J-A22020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY L. DONATELLI AND MICHELE DONATELLI, HUSBAND AND WIFE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SIDNEY G. HAAS, JR. | : | No. 59 WDA 2022 |
| Appellant | : | |

Appeal from the Order Entered December 21, 2021
In the Court of Common Pleas of Butler County Civil Division at No(s):
21-10409,
21-20894

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:               **FILED: NOVEMBER 22, 2022**

Appellant, Sidney G. Haas, Jr., appeals from the December 21, 2021 Order entered in the Butler County Court of Common Pleas denying his petition to open default judgment in this trespass action.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On June 9, 2021, Appellees, Anthony L. Donatelli and Michele Donatelli, filed a Complaint for Trespass alleging that Appellant, their neighbor, had been encroaching and

_____

[*] Retired Senior Judge assigned to the Superior Court.

trespassing upon their property by storing heavy equipment on it.[1]  Appellees attached to the complaint a survey report prepared by Graff Surveying, LLC ("Graff") verifying the property boundary line.  Appellees sought to eject Appellant from their property and to have a permanent injunction entered against him.

On June 17, 2021, the Butler County Sheriff's Department served Appellant with the complaint by hand-delivery.  The complaint included the required Notice to Defend, informing Appellant that he must respond to the complaint within 20 days after service or judgment may be entered against him.  Accordingly, Appellant had until July 7, 2021, to act in response to the complaint.  Appellant did not take any docketed action during this period to respond to the complaint.

On July 8, 2021, Appellees' counsel mailed to Appellant a Notice of *Praecipe* to Enter Judgment by Default.  Counsel also mailed a copy of the notice to Attorney John P. Senich, an attorney allegedly engaged in discussions with Appellant regarding possible representation in this case. Attorney Senich did not, however, enter his appearance or file any documents on Appellant's behalf.

---

[1] Appellees had previously requested by letter dated May 10, 2021, that Appellant remove the equipment and other items he was storing on Appellees' property.  Appellees noted in the letter that Appellant was present when their surveyor, Graff Surveying, LLC, performed a survey to verify the location of the property boundary line.

On July 22, 2021, the Butler County prothonotary entered default judgment against Appellant and sent Appellant a Notice of Entry of Default Judgment. That same day, Appellees filed a Motion to Assess Damages and for Equitable Relief in Enforcement of Judgment Against [Appellant].

On July 29, 2021, Appellant hand-delivered to the Butler County prothonotary a letter dated July 23, 2021. In the letter, Appellant stated, *inter alia*, that the trial court should dismiss all charges against him because he never received a certified letter or written notice that a case had been filed against him. The letter did not contain any proposed answer, new matter, or preliminary objections to the complaint, or raise any meritorious defense to the allegations asserted in the complaint.

Also on July 29, 2021, the trial court entered an order directing Appellant to remove the heavy equipment and other items from Appellees' property. The court scheduled a hearing on Appellees' motion to assess damages for November 5, 2021.

On September 23, 2021, more than two months after the entry of default judgment, Appellant filed a Petition to Open Default Judgment. In the petition to open, Appellant acknowledged that on June 17, 2021, he received by personal service Appellees' complaint with the attached notice to defend. He asserted that, after receiving the complaint, he consulted Attorney Senich, whom he mistakenly believed was representing him. He averred that, when he received the July 8, 2021 notice of default, he continued to believe that Attorney Senich was representing him. He explained that after finally realizing

- 3 -

that Attorney Senich was not representing him, he sent the letter dated July 23, 2021, to the court addressing some of the allegations raised in the complaint and in the motion to assess damages.

In support of his petition to open, Appellant claimed that his failure to timely file an answer was excusable because he is an "older, *pro se* litigant that did not understand the seriousness of what was happening" and that he thought Attorney Senich was representing him. Petition, 9/23/21, at ¶ 19-20. He also claimed that he had a meritorious defense, which he set forth in an Answer and New matter, that he was not storing equipment on Appellees' property, that the Graff survey was inaccurate, and that he possessed the land in question through adverse possession.[2] Appellant did not attach any evidence supporting his claim that the Graff survey was inaccurate.

The next day, the court issued a rule to show cause directing Appellees to file an answer to Appellant's petition to open within 30 days, granting the parties the opportunity to take depositions, and scheduling a hearing on the petition.

On October 20, 2021, Appellees filed an answer to Appellant's petition to open raising disputed issues of material fact and asserting that Appellant's petition was untimely. Appellees also filed a reply to Appellant's new matter, including, as an exhibit, a letter from the prior owner of Appellees' property,

_____

[2] Appellant also raised a counterclaim for Intrusion Upon Seclusion, alleging that Appellees used video cameras attached to their residence and business to spy on Appellant.

Gary L. Risch, Sr., acknowledging that he had permitted Appellant to "park some of his vehicles on the rear side of the property," denying that he had given Appellant the property, and averring that Appellant was aware that Mr. Risch had not given him the property.[3]

On October 29, 2021, Appellees deposed Appellant. Relevantly, Appellant testified that he had previously been involved in "a dozen" lawsuits and had been deposed before.[4] He also testified that in some of those suits he had represented himself and in others he had retained counsel. Appellant explained that he was aware of the judgment entered against him but because it was not a monetary judgment, he thought he "had to wait to see what happened."[5] He further testified that he prepared and filed his own letter with the prothonotary because Attorney Senich was not representing him.[6]

Appellant also testified that he had obtained a survey of his property in the 1970s and that it differs from the Graff survey. He conceded that he "technically can't read" a survey and is not capable of comparing maps and surveys because he is not a surveyor.[7] Nevertheless, he concluded that

_____

[3] **See** Letter from Gary L. Risch, undated.

[4] N.T. Haas Deposition, 10/29/21, at 53-54.

[5] **Id.** at 145.

[6] **Id.** at 79-80, 84. **See also id.** at 89 (where Appellant testified that Attorney Senich was not involved in this litigation because he "didn't want to be involved").

[7] **See id.** at 32, 114-116.

because of the differences he observed between the surveys and his comparison of the Graff survey to a Google map satellite image provided to him by the Butler County tax office, the Graff survey was, inaccurate.

On November 17, 2021, the parties deposed Attorney Senich. Attorney Senich testified that Appellant contacted him about the instant litigation in late June or early July of 2021. He testified that Appellees' counsel sent him a copy of Appellees' complaint and that same day he visited Appellant at home to take pictures of existing property boundary markers and to gather more information. At that time, Appellant provided him with a copy of the complaint. Attorney Senich informed Appellant that he did not practice this type of law but that he would take a look at the complaint. He also testified that, at that time, he told Appellant that if the suit concerned assets owned by Appellant's son, whose estate Attorney Senich was representing, he could be involved, but if not, "I can't represent you here."[8] He testified that he did not agree to represent Appellant at that point. He further testified that he informed Appellees' counsel that he did not represent Appellant. Attorney Senich testified that shortly before he went on a one-week vacation that began on July 17, 2021, he gave Appellant the names of other law firms to contact to engage representation. He testified that on August 5, 2021, he confirmed by letter to Appellant that he would not be representing him in this matter.

_____

[8] N.T. Senich Deposition, 11/17/21, at 13. **See also id.** at 17 (where Attorney Senich testified that sometime just prior to July 17, 2021, he declined to deliver a letter from Appellant to the court and reiterated to Appellant that "I can't represent you in this.").

Attorney Senich testified that he had ongoing conversations with Appellant throughout the pendency of this matter and had asked Appellant to keep him apprised of developments in this matter in case some of the heavy equipment that Appellees alleged Appellant had located on their property belonged in Appellant's son's estate.

On December 20, 2021, the court heard argument on Appellant's petition to open, following which it entered the order denying the petition.[9]

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Whether the lower [c]ourt erred as a matter of law and/or abused its discretion by denying Appellant's Petition to Open Default Judgment[?]

Appellant's Brief at 4.

## A.

"A petition to open a default judgment is an appeal to the equitable powers of the court." *Smith v. Morrell Beer Distribs., Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011) (citation omitted). The decision to deny a petition to open a default judgment is within the discretion of the trial court and we will not disturb the court's decision absent an abuse of that discretion. *Id.*

Generally, a trial court may open a default judgment if the movant has: "(1) promptly filed a petition to open the default judgment, (2) provided a

---

[9] The lower court entered this order on the docket on December 21, 2021.

reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint." ***Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 175-76 (Pa. Super. 2009). "If a petition to open a default judgment fails to fulfill any one prong of this test, then the petition must be denied." ***U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters***, 163 A.3d 1019, 1028 (Pa. Super. 2017) (citations omitted). "[T]he trial court cannot open a default judgment based on the 'equities' of the case when the defendant has failed to establish all three of the required criteria." ***Kelly v. Siuma***, 34 A.3d 86, 91 n.6 (Pa. Super. 2011).

**B.**

Appellant first asserts that he promptly filed his petition. Appellant's Brief at 11. In support of his claim, he argues that the trial court should have calculated the delay in filing the petition not from the date judgment had been entered—July 22, 2021—but instead from either the day Attorney Senich sent him a letter officially notifying Appellant that Attorney Senich would not represent him—August 5, 2021—or from some time in "late August of 2021" when Appellant learned, allegedly for the first time, from current counsel, that a judgment had been entered against him. ***Id.*** at 11-12.

With respect to the first prong pertaining to timeliness of the petition to open, "[t]he law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as time[ly]." ***Myers***, 986 A.2d at 176 (citation omitted). "Instead, the court must consider the length

- 8 -

of time between discovery of the entry of the default judgment and the reason for the delay." *Id.* (citation omitted).

This court has explained as follows:

In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month. *See Duckson v. Wee Wheelers, Inc.*, [] 620 A.2d 1206[, 1209] (Pa. Super. 1993) ([holding] one day [after default is taken] is timely); *Alba v. Urology [Assocs.] of Kingston*, [] 598 A.2d 57[, 58] ([Pa. Super.] 1991) ([holding] fourteen days [after judgment was entered] is timely); *Fink v. [Gen.] Accident Ins. Co.*, [] 594 A.2d 345[, 346] ([Pa. Super.] 1991) ([holding] five days [after default judgment was entered] is timely).

*Id.* (citation omitted). *See also Allegheny Hydro No. 1 v. Am. Line Builders, Inc.*, 722 A.2d 189, 193-94 (Pa. Super. 1998) (holding a 41-day delay in filing a petition to open a default judgment after default judgment has been entered was untimely; collecting and setting forth cases holding delays in filing a petition to open a default judgment of 21 days and 37 days rendered those petitions untimely).

In light of the above case law, the trial court did not abuse its discretion in calculating the delay in filing the petition to open from the date the prothonotary entered the default judgment against Appellant and in determining that in waiting 63 days after entry of the default judgment to file his petition to open, Appellant did not timely file it.[10]

_____

[10] Moreover, even if the trial court had miscalculated the delay and we accepted Appellant's claim that the delay was only 49 days, Appellant's claim would fail as a petition to open filed 49-days after entry of the default judgment is similarly not prompt.

- 9 -

**C.**

Appellant next argues that his delay in filing the petition to open and his failure to file an answer were excusable because: (1) he thought Attorney Senich was representing him; (2) he "did his best" to find another attorney; (3) he was homebound during the relevant period, which "made retaining counsel quite difficult"; and (4) he was *pro se* and "clearly did not fully understand the consequences of a default judgment." Appellant's Brief at 12-13.

With respect to Appellant's claims that his delay was excusable, the court found that the evidence presented by Appellant, namely his deposition testimony and that of Attorney Senich, was "either far too vague for [the c]ourt to draw any reasonable inferences therefrom, or, when not vague, did not support a legitimate justifiable cause for the delay in filing the [p]etition." Trial Ct. Op., 3/4/22, at 9. In particular, the trial court highlighted Appellant's testimony regarding the Notice of *Praecipe* to Enter Default Judgment. The court emphasized that Appellant testified first that, when asked whether he had received the notice in the mail or prior to his deposition, he testified that he had not. Later, however, Appellant admitted that he might have seen it but if he did, he "didn't look at it." *Id.* (citing N.T. Haas Deposition at 132, 140). Appellant also conceded that he was aware that a judgment had been entered against him, but because it was not a monetary judgment he decided to "wait to see what happened." *Id.* (citing Haas Deposition at 145). The court also noted that the evidence demonstrated that even after Appellant

determined he needed to obtain alternate counsel, he failed to act with urgency.

The trial court also found that "the imprecise testimony given by [Appellant] and Attorney Senich" coupled with Appellant's testimony evidencing that he "did not view this lawsuit with any degree of gravity . . . did not support [Appellant's] burden of demonstrating a reasonable excuse for his failure to timely respond to the [c]omplaint[.]" *Id.* at 12.  In reaching this conclusion, the court emphasized Appellant's vague testimony regarding when he received documents and when he provided those documents to Attorney Senich and Appellant's testimony regarding his experience and sophistication as a litigant in prior cases.  The court determined that Appellant's assertion that he did not understand the seriousness of this lawsuit was entirely devoid of credibility.

Following our review of the record, we conclude that the trial court did not abuse its discretion or err as a matter of law in finding that Appellant's delay in filing both the petition to open the default judgment and an answer to the complaint was not excusable.

**D.**

Last, Appellant argues that he asserted meritorious defenses to the claims against him, *i.e.*, (1) that the Graff survey was inaccurate and (2) adverse possession.  Appellant's Brief at 14.  He argues that he was required only to assert defenses, not to prove them and, therefore, the trial court erred when it found that Appellant had not proved these defenses.  *Id.* at 14-15.

Keeping our standard of review in mind, this Court has previously described the meritorious defense prong as follows:

> The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief. The defendant does not have to prove every element of its defense, however, it must set forth the defense in **precise, specific and clear terms**.

*Penn-Delco Sch. Dist. v. Bell Atl.-Pa, Inc.*, 745 A.2d 14, 19 (Pa. Super. 1999) (citations omitted, emphasis added).

Here, the trial court explained that Appellant failed to set forth his defenses with specificity sufficient to demonstrate that, if proved, the defenses would justify relief. In particular, the court found that Appellant's testimony regarding his belief that the Graff survey was inaccurate "lacked specificity as to any inaccuracy in the survey." Trial Ct. Op. at 13. The court also noted that Appellant neglected to provide the court with documents, maps, surveys, or satellite images to support his claim. It determined that Appellant's concession that he lacks training and is "unable to interpret surveys or subdivision plans or compare satellite imaging to same" undermined his claim that the Graff survey was incorrect based on his own reading of the survey and maps. *Id.* at 14.

Last, with respect to Appellant's adverse possession defense, the trial court found that Appellant could not satisfy the hostility element necessary to prove a claim for adverse possession. *Id.* at 15 (noting that Appellant did not deny Appellees' assertion in paragraph 6 of the complaint that their predecessors in interest permitted Appellant to locate equipment on their

property).  Moreover, the court observed that Appellant did not testify or allege with specificity as to what area or portion of Appellees' property he adversely possessed.

Following our review of the record, we conclude that the trial court did not abuse its discretion in determining that Appellant did not assert with sufficient precision, specificity, and clarity any defenses to Appellees' complaint in trespass.  Appellant is, thus, not entitled to relief.

**E.**

In sum, the trial court did not abuse its discretion or err as a matter of law in denying Appellant's petition to open default judgment where the petition was not promptly filed and Appellant did not set forth any reasonable excuses for his delay or meritorious defenses to Appellees' claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2022

- 13 -