J-S33034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AGENCY INSURANCE COMPANY A/S/O A BOB'S AUTO & TOWING, INC. | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| RIAN E. BACON | : : | No. 274 EDA 2022 |
| Appellant | : | |

Appeal from the Order Entered December 16, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 210302965

BEFORE: KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED APRIL 18, 2023**

Rian E. Bacon ("Bacon") appeals from the order denying his petition to open the default judgment entered in favor of Agency Insurance Company a/s/o A Bob's Auto & Towing, Inc. ("A Bob's") in this subrogation action. We affirm.

The trial court set forth the relevant factual and procedural history as follows:

> This dispute initially stems from a car accident involving [A Bob's] and [Bacon]. On March 30, 2021, [A Bob's] initiated this action by filing a complaint against [Bacon]. On April 8, 2021, [A Bob's] filed an affidavit of service that stated "I served the following documents on . . . Bacon . . .on . . . April 1, 2021 at 8:51 pm at 2341 W. Hagert Street, Philadelphia, PA 19132[,] by personal service by handing the following documents to an individua [sic] identified as Rian E. Bacon." The affidavit also [provided an "Additional Description," which] indicated that service was effectuated upon ". . . Bacon's sister[,] Makela[,] on Thursday evening 8:50am [sic] on April 1st, 2021." [The affidavit

further indicated that the affiant/server asked Makela if Bacon lived at the residence and she said "yes." Makela also stated that she was Bacon's sister, and that she was over the age of eighteen. The affidavit described Makela as a "Hispanic or Latino Female, est. age 18, glasses: Y, Black hair, 160 lbs[.] to 180 lbs[.], 5'3" to 5'6." The affidavit was signed by the affiant/server and was notarized.] On April 23, 2021, a ten (10)[-]day notice of intention to file praecipe to enter default judgment was mailed to [Bacon] at 2341 W. Hagert Street. On May 4, 2021, after neither an appearance nor an answer was filed by [Bacon], default judgment was entered against [him] in the amount of $23,150. [The trial court docket reflects that notice of the entry of default judgment was given to Bacon on May 4, 2021, pursuant to Pa.R.Civ.P. 236 and 237.1. On July 13, 2021, a certification of motor vehicle judgment against Bacon was entered on the trial court docket.]

On November 15, 2021, [Bacon], through counsel, filed a petition to open default judgment. In the petition, [Bacon] claimed the address at 2341 W. Hagert Street was his mother's residence and [he] did not give permission to anyone at this address to accept documents on [his] behalf. [Bacon] further maintained that his correct address was 5805 Germantown Avenue, Philadelphia, PA.

On December 16, 2021, this court denied [Bacon's] petition to open default judgment. On December 22, 2021, [Bacon] filed a motion for reconsideration, which this court denied on December 29, 2021. On January 3, 2022, [Bacon] filed a notice of appeal from this court's order denying his petition to open default judgment. . . . [T]his court ordered [Bacon] to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one (21) days. [Bacon complied and the trial court thereafter filed an opinion pursuant to Rule 1925(a).]

Trial Court Opinion, 4/20/22, at 1-2 (footnotes and unnecessary capitalization omitted, formatting altered).

Bacon raises the following issues for our review:

1. Did the trial court commit an error of law in denying [Bacon's] petition to open default judgment by holding that [Bacon] did not act promptly and the petition was not timely filed?

> 2. Did the trial court commit an error of law in denying [Bacon's] petition to open default judgment by holding that [Bacon] did not present a meritorious defense?

Bacon's Brief at 4 (unnecessary capitalization omitted).

Our standard of review of a denial of a petition to open a default judgment is well-settled:

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

*Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011).

Generally speaking, a default judgment may be opened if the moving party has: (1) promptly filed a petition to open the default judgment; (2) provided a reasonable excuse or explanation for failing to file a responsive pleading; and (3) pleaded a meritorious defense to the allegations contained in the complaint. *See Myers v. Wells Fargo Bank, Nat'l Ass'n*, 986 A.2d 171, 176 (Pa. Super. 2009); *see also* Pa.R.Civ.P. 237.3(b)(2) (providing that "[i]f the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense"). "If a petition to open a default judgment fails to fulfill any one prong of this test, then the petition must be denied." *U.S. Bank Nat'l Ass'n for Pa. Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1028 (Pa. Super. 2017) (citations omitted); *see also Myers*, 986 A.2d at 176 (holding that the

trial court cannot open a default judgment based on the "equities" of the case when the defendant has failed to establish all three of the required criteria).

In his first issue, Bacon contends that the trial court erred in concluding that the petition to open was not promptly filed. Where, as herein, a petition to open is filed more than ten days after the entry of default judgment, the trial court must consider the length of time between the discovery of the entry of the default judgment and the filing of the petition to open, and determine whether the petitioner has demonstrated a legitimate excuse for the delay:

> The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timeliness. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.

*Myers*, 986 A.2d at 176. In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month. *See id*. (citing *Duckson v. Wee Wheelers, Inc.*, 620 A.2d 1206 (Pa. Super. 1993) (holding that a delay of one day is timely); and *Alba v. Urology Assoc. of Kingston*, 598 A.2d 57 (Pa. Super. 1991) (holding that fourteen days is timely); *Fink v. General Accident Ins. Co.*, 594 A.2d 345 (Pa. Super. 1991) (holding that a period of five days is timely)).

Bacon acknowledges that the petition to open was not filed until 195 days after the default judgment was entered on the docket.[1]  However, Bacon asserts that he offered a reasonable explanation for his six-month delay in filing his petition to open.  According to Bacon, A Bob's failed to properly serve him with the complaint and the notice of intent to take a default judgment.  Bacon claims that he was not present at the Hagert Street address at the time of the alleged service and did not give anyone at that address permission to accept service of any document on his behalf.  Bacon points to the initial statement in the affidavit of service wherein it indicates that personal service was made by handing the complaint to Bacon himself, and claims that there is no description of Bacon, such as race, height, gender, or other characteristic to identify him.[2]  Bacon additionally claims that he did not reside at 2341 W. Hagert Street, which is his mother's address, and claims that he resided at

---

[1] Bacon claims that the trial court's determination that the petition to open was not filed until 202 days after the default judgment was entered on the docket is incorrect, and that the petition to open was filed 195 days after the default judgment was entered on the docket.  *See* Trial Court Opinion, 4/20/22, at 5.  Our review discloses that the petition to open was filed 195 days after the default judgment was entered on the docket.  Accordingly, we have corrected the trial court's slight miscalculation.

[2] Bacon does not acknowledge the portion of the "Additional Description" included in the affidavit of service which indicates that service was effectuated upon Bacon by handing a copy of the complaint to Bacon's sister, Makela, who identified herself as Bacon's sister, indicated that she was over the age of eighteen, and confirmed that Bacon lived at the residence.  *See* Affidavit of Service, 4/7/21, at 1; *see also* Pa.R.Civ.P. 402 (providing that "[o]riginal process may be served . . . by handing a copy . . . . at the residence of the defendant to an adult member of the family with whom he resides").

5805 Germantown Avenue in Philadelphia, as is reflected on a Pennsylvania Department of Transportation notice. Bacon points out that the copy of the certificate of mailing attached to the affidavit of service shows only one side of the certificate and reflects no signatures confirming receipt of the notice.

Bacon additionally claims that he mistakenly believed that Capital Insurance Company was protecting his interests regarding the property damage resulting from the motor vehicle accident until his insurance agent advised him that he was insured by Progressive Casualty Insurance Company at the time of the accident. Bacon maintains that he reported the accident to Progressive Casualty Insurance Company on September 13, 2021. Bacon indicates that his counsel entered his appearance in the matter on November 2, 2021, and thereafter filed a petition to open on November 15, 2021. On this basis, Bacon argues that his petition to open was promptly filed.

The trial court considered Bacon's first issue and determined that it lacked merit. The court reasoned:

> In the instant case, [Bacon] fails to meet the first element required to open a default judgment because his petition to open default judgment was not filed until [195] days after the default judgment was entered. This court notes that there have been numerous binding cases that have found similar delays to be unreasonable. Although there is no bright line rule or specific time period in ruling a delay unreasonable, the circumstances of this case in tandem with controlling case law strongly indicate that [Bacon's 195-]day delay is unreasonable.
>
> In **American Express v. Burgis**, [476 A2d 944 (Pa. Super. 1984),] a defendant attempted to argue that service by a deputy sheriff was improper[;] however[,] the Superior Court found that defendant's two (2) month delay in filing a petition to open default

- 6 -

judgment was unreasonable. Similarly, here, [Bacon] is also making unfounded claims as to improper service, but has instead waited a total of [195] (days) to file his initial pleading on this court's docket, well over two (2) month period which was rejected by the court in **Burgis**. As such, in light of the established case law and in consideration of [Bacon's] circumstances, a [195] day delay in this case cannot be considered reasonable or timely.

Trial Court Opinion, 4/20/22, at 5-6 (footnotes and unnecessary capitalization omitted).[3]

We discern no abuse of discretion or legal error by the trial court in reaching its determination that the petition to open the default judgment was not promptly filed. The record reflects that notice of the entry of the default judgment was given to Bacon on May 4, 2021, pursuant to Pa.R.Civ.P. 236 and 237.1, at the same residence where service of the complaint had been

---

[3] The trial court cited numerous decision in which a delay of time far less than 195 days was found to be "not prompt." **See** Trial Court Opinion, 4/20/22, at 6 n10 (citing **American Vending v. Brewington**, 432 A.2d 1032 (Pa. Super. 1981) (holding that a delay of two and one-half months was unreasonable); **McCoy v. Public Acceptance Corp. et al.**, 305 A.2d 698 (Pa. 1973) (holding that a seventeen-day delay was unreasonable); **Hatgimisios v. Dave's NE. Mint**, 380 A.2d 485 (Pa. Super. 1977) (holding that a thirty-seven-day delay was unreasonable); **Allegheny Hydro v. American Line Builders**, 722 A.2d 189, 191 (Pa. Super. 1998) (holding that a delay of forty-one days was unreasonable); **Pappas v. Stefan**, 304 A.2d 143, 146 (Pa. 1973) (holding that a period of fifty-five days was not prompt); **Quatrochi v. Gaiters**, 380 A.2d 404 (Pa. Super. 1977) (holding that a period of sixty-three days was not prompt); **Castings Condominium v. Klein**, 663 A.2d 220 (Pa. Super. 1995) (finding that a delay of three months did not constitute a prompt filing), **Rigid Fire Sprinkler Service, Inc. v. Chaiken**, 482 A.2d 249 (Pa. Super. 1984) (finding that a delay of 108 days was unreasonable and citing numerous other cases in which shorter periods of time than involved in this case were considered untimely).

made a few weeks earlier. ***See*** Affidavit of Service, 4/7/21, at 1 (wherein a copy of the complaint was handed to Bacon's adult sister, Makela, who indicated that Bacon resided at 2341 W. Hagert Street, Philadelphia, PA 19132). Our review of the record discloses no evidence that Bacon lived at 5805 Germantown Avenue in Philadelphia, or at any other address, in April or May of 2021.[4]

While Bacon attached to his motion for reconsideration a screenshot of a photograph of the first page of a letter purportedly sent to him by the Pennsylvania Department of Transportation, Bureau of Driver Licensing, on July 28, 2021, the addressee, as well as the address that the letter was sent to, are blocked out. The screenshot additionally depicts what appears to be the far-left side of the same letter, without the addressee and address blocked out, and indicating that the letter was sent to Bacon at 5805 Germantown Avenue in Philadelphia. Even assuming that the letter provided some evidence that Bacon resided at 5805 Germantown Avenue in Philadelphia on July 28, 2021, it did not establish that Bacon lived at that address four months earlier, in April 2021, when the complaint was served, or on May 4, 2021, when notice of the entry of default judgment was given pursuant to Pa.R.Civ.P. 236 and 237.1.

---

[4] Notably, Bacon does not contend that he did not receive the complaint, the praecipe to enter default judgment, or the notice of entry of default judgment.

Moreover, the letter specifically advised Bacon that a judgment had been entered against him in connection with the June 22, 2019 motor vehicle accident in which he was involved, and that his driving privileges were suspended until he satisfied the judgment. Thus, to the extent that Bacon claims that this letter was sent to and received by him, he essentially concedes that he was aware on or about July 28, 2021, that a judgment had been entered against him as a result of the motor vehicle accident with A Bob's, yet did not file a petition to open that judgment until more than three months later, on November 15, 2021.

As to Bacon's claim that he "mistakenly believed that Capitol Insurance Company was protecting his interests regarding the alleged property damage resulting from the subject motor vehicle accident," and that he did not receive a denial from Capitol Insurance Company, the record belies these assertions. Bacon's Brief at 19. Bacon provided the trial court with a letter dated April 30, 2020, wherein Capitol Insurance Company acknowledged that Bacon had filed a claim regarding the June 22, 2019 motor vehicle accident, but expressly denied insurance coverage for the incident on the basis that no Capitol Insurance Company policy was in effect at the time of that accident. *See* Capitol Insurance Company Letter, 4/30/20, at 1. Thus, Bacon knew on or about April 30, 2020, that Capitol Insurance Company would not be defending him against any claims asserted by or on behalf of A Bob's. Indeed, by the time the complaint was filed against Bacon in April 2021, he had known for

nearly a year that Capitol Insurance Company would not be protecting his interests regarding the accident. Further, upon receiving the April 30, 2020 letter informing him that Capitol Insurance Company was not his insurer at the time of the accident, Bacon took no action upon receiving this information, and failed to notify Progressive Casualty Insurance Company of the accident (or the entry of a default judgment against him regarding that accident) until nearly seventeen months later, in September 2021.

Accordingly, for these reasons, we conclude that the trial court did not abuse its discretion in determining that the petition to open the default judgment, filed more than five months after the notice of the entry of default judgment was provided to Bacon pursuant to Pa.R.Civ.P. 236 and 237.1, was not promptly filed. Thus, Bacon's first issue merits no relief.

Given our resolution of Bacon's first issue, we deem his second issue to be moot. *See Watters*, 163 A.3d at 1028 (holding that if a petition to open a default judgment fails to fulfill any one prong of the three-part test, then the petition must be denied); *see also Myers*, 986 A.2d at 176 (holding that the trial court cannot open a default judgment when the defendant has failed to establish all three of the required criteria).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/18/2023</u>